James R. MARTIN and Veneda R. Martin, Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

No. 76–1555.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 11, 1977

Decided Jan. 20, 1977.

James R. Martin, Veneda R. Martin, pro se.

Gary R. Allen, Sharon A. Darling, Scott P. Crampton, Gilbert E. Andrews, Asst. Attys. Gen., Tax Div., Dept. of Justice, Washington, D.C., Meade Whitaker, Chief Coun-

**634**

sel, I.R.S., Washington, D.C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal, perfected from an order of the United States Tax Court finding a deficiency in the plaintiffs-appellants' taxes due for the year 1972, has been submitted for consideration under Rule 3(e), Rules of the Sixth Circuit.

The deficiency resulted from the disallowance of a deduction taken by taxpayers on their income tax return for tuition paid to send their child to private schools, claimed as a medical expense because of the deafness of the child. The sole issue on appeal is whether such deduction is allowable under Section 213 of the Internal Revenue Code of 1954, 26 U.S.C. § 213. With laudatory motivation, rather than submit their handicapped child to institutional training, they endeavored to have his education proceed under as nearly normal circumstances as possible, and to that end enrolled him in private schools which had smaller classes and more individual attention than in the public schools.

Under Treas.Reg. 1–213(e)(v)(b), the cost of a "special school . . . designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal education or for normal living such as a school for the teaching of braille or lipreading" could form the basis of a deduction. However, in the present case the tax court judge has found as a matter of fact that appellants' son did not receive any special training, such as lipreading, intended to in any way compensate or afford a judgment for his handicap and that the medical training which he did receive in this regard from a therapist and from audiological evaluations and hearing aid management training were provided outside of the school environment. She further found that in school the child followed the same academic curriculum as other students in his class and grade, and received no special medical services in addition to those customarily provided on an emergency basis to all students.

The record provides no basis for regarding these findings as "clearly erroneous." See *Commissioner v. Duberstein,* 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). It must therefore be concluded that appellants have failed to show, as they must to prevail, that any educational program at the schools attended was only incidental to a primary medical care function of mitigating and treating their child's physical handicap. *Greisdorf v. Commissioner,* 54 T.C. 1684, 1689 (1970); *Ripple v. Commissioner,* 54 T.C. 1442, 1447 (1970); *Grunwald v. Commissioner,* 51 T.C. 108, 112–116 (1968).

For the reasons herein set forth, and for the reasons contained in the opinion of Tax Judge Irene F. Scott, the judgment is affirmed.