RICHARD E. AND SHIRLEY M. BARNES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barnes v. Commissioner
Docket No. 10236-75.
United States Tax Court
T.C. Memo 1978-339; 1978 Tax Ct. Memo LEXIS 174; 37 T.C.M. (CCH) 1408; T.C.M. (RIA) 78339; August 29, 1978, Filed James W. Robertson, for the petitioners. Charles W. Kite, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 836.65 deficiency in petitioners' income tax for 1972. The issues for decision are: 1. Whether petitioners are entitled to deduct the cost of private school for their handicapped son as a medical expense. 2. Whether petitioners are entitled to deduct $ 681.67 of other miscellaneous medical expenses. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Richard E. and Shirley M. Barnes ("petitioners") resided in Nashville, Tennessee at the time they filed their petition. During 1972, petitioners' 14 year old son Richard suffered from a medical handicap known as dyslexia or cross *175 dominance. Individuals with dyslexia experience great difficulty learning to read. No medicine can alleviate this condition. Rather, it is generally treated by special education. Richard had a severe reading problem while attending public school. During 1972 the public school offered no special education aimed at Richard's problem for children his age. In order to help their son, petitioners contacted Mrs. Nancy Eaton, an expert on dyslexia and head of a special private school for children with dyslexia. Mrs. Eaton talked to Richard's mother and examined Richard's file.Since neither parent was able to drive Richard to Mrs. Eaton's school or any of the other special schools around the Nashville area, [1] Mrs. Eaton recommended that Richard be sent to Castle Heights Military Academy ("Castle Heights") as a boarding student. Castle Heights offered small classes, individualized instruction, a disciplined environment, intensive remedial help, and after-school tutoring, and it grouped its students in classes according to reading ability. Petitioners enrolled their son in Castle Heights as a boarding student from June 1972 to June 1975. They paid $ 3,579.93 [2] to Castle Heights during *176 1972 for Richard's tuition, room, board and miscellaneous expenses. Castle Heights does not consider itself anything other than a military school. The school has neither programs that are medical in nature nor special curricula designed to meet the needs of individual students. It accepts a cross section of students who fit the requirements of the school. Richard, as well as the other students at Castle Heights, received individualized instruction and he attended small classes and supervised study halls. He was placed in a reading group according to his ability and he used standardized reading materials. A teacher with graduate work in reading instruction, Mrs. Joan Britnell, administered the standardized reading program. While attending Castle Heights, Richard showed improvement in his reading and study skills.
Although some teachers *177 may have given Richard more attention than they gave other students, the school was not equipped to administer, nor did Richard receive, any special training with reference to his reading disability other than general remedial reading work. Petitioners paid the same tuition for Richard as that paid by the other students. During the year in issue petitioners spent $ 62.32 for medicine and drugs and $ 466 for other medical and dental care in addition to amounts paid to Castle Heights. On their 1972 return petitioners claimed a medical expense deduction of $ 4,313.67.In his notice of deficiency, respondent disallowed $ 4,262.67 of the claimed medical expense deduction (allowing only $ 51 representing one-half of the cost of insurance premiums for medical care). OPINION The first issue is whether petitioners are entitled to deduct the cost of sending Richard to a private school as a medical expense. Section 213 generally allows a deduction, subject to certain limitations, for amounts paid for the medical care of a taxpayer, his spouse and dependents. "Medical care" means amounts paid for "diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose *178 of affecting any structure or function of the body."Section 213(e)(1). Included within the cost of medical care are amounts paid for certain special schooling. Section 1.213-1(e)(1)(v)(a), Income Tax Regs., provides in pertinent part: * * * While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there.In such a case, the cost of attending such a special school will include the cost of meals and lodging, if supplied, and the cost of ordinary education furnished which is incidental to the special services furnished by the school. Thus, the cost of medical care includes the cost of attending a special school designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal education or for normal living, such as a school for the teaching of braille or lip reading. Similarly, the cost of care and supervision, or of treatment and training, of a mentally retarded or physically *179 handicapped individual at an institution is within the meaning of the term "medical care". Petitioners do not contend that Castle Heights is a "special school" within the meaning of the regulations. They argue, instead, that it is a special school for their son because it is a school which could and did help him overcome his inability to read (which was caused by dyslexia). Therefore, they contend, they are entitled to deduct their entire payment to Castle Heights (which covers tuition, room, board and miscellaneous expenses). The only treatment for dyslexia is training in reading and study skills which permits the student to overcome the results of his handicap. Dyslexia itself cannot be cured. Respondent has recognized that an extra fee paid for a tutor who is specially trained and qualified to teach remedial reading to a child with dyslexia to mitigate such condition is a deductible medical expense. Rev. Rul. 69-607, 1969-2 C.B. 40. Likewise, presumably tuition at a day school which specialized and limited its enrollment to children with dyslexia or children otherwise physically handicapped would be deductible. Because petitioners were unable to drive their *180 son to such a teacher or school (there is no evidence they otherwise attempted to arrange transportation for him), they decided, upon advice of specialists, to send Richard to Castle Heights. Castle Heights is a military boarding school. It accepts a cross section of students. It groups the students in class sections according to scholastic ability. It provides remedial help not only in the classroom but also in extra afternoon and evening study halls for those who need it. The tuition for all students is the same. While Richard was at Castle Heights he got remedial help and his ability to read improved. In other words, the school apparently enabled him to overcome his dyslexia and to learn. The problem we are faced with in this case is that education, rather than medicine or therapy, is the means to offset the effect of dyslexia. The education Richard received at Castle Heights was no different than that received by other "normal" students enrolled at the school. Petitioners paid no more for Richard than the regular tuition, room, board and miscellaneous expenses charged other students.This case is not like Hendrick v. Commissioner,35 T.C. 1223 (1961), *181 and Fischer v. Commissioner,50 T.C. 164 (1968), where the taxpayers paid not only for their child's education, but additional amounts for services rendered to the child by doctors and other medical personnel. It is more like Martin v. Commissioner,548 F. 2d 633 (6th Cir. 1977), affirming per curiam a Memorandum Opinion of this Court (34 T.C.M. 1564 (1975), 44 P-H Memo. T.C. par. 75,362 (1975)), where a deaf child on advice of specialists, was sent to a private school in the hopes he would overcome his handicap by being with "normal" children. We there concluded, and the Sixth Circuit agreed, that tuition in that case was not deductible as a medical expense. See also Grunwald v. Commissioner,51 T.C. 108 (1968), and Lichterman v. Commissioner,37 T.C. 586 (1961). Petitioners here purchased education, not medical care, and education is not deductible. The fact that due to their son's handicap more intensive work was required for him to achieve the desired educational attainments than would have been the case absent such handicap caused petitioners to send him to a school where more intensive *182 work would be routinely provided. This work, however, did not affect or alleviate the dyslexia or any structure or function of the body; it was merely a means to overcome dyslexia's impediment to normal learning. It is true that the same could be said of the cost of special tutoring or of a special school specializing in training students with this affliction, and that respondent's regulations and rulings would permit treating such cost as a medical expense. Whether or not such regulations and rulings are more generous than the statutory language can support is not before us. It suffices to say that petitioners did not come within their terms and we cannot extend them to cover the present case. The remaining issue is whether petitioners are entitled to deduct $ 681.67 of other miscellaneous medical expenses. The parties stipulated that petitioners spent $ 62.32 for medicine and drugs and $ 466 for medical and dental expenses. We hold these amounts deductible, subject to the limitations provided in section 213. Decision will be entered under Rule 155.
Footnotes
1. Richard's mother did not drive a car and his father worked a split shift as well as handling emergency calls for the electric company. ↩
2. The school's records show petitioners paid $ 3,579.93 to Castle Heights for Richard during 1972; petitioners deducted $ 3,978 for Castle Heights on their return. This discrepancy is unexplained.↩